**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HELEN P SANCHEZ REYES,** | **Civil Action No. 26-2499 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **LUIS SOTO, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Helen P Sanchez Reyes, who is presently detained by Immigration and Customs Enforcement ("ICE").  (ECF No. 1).

2.      Petitioner is a citizen of Honduras.  (*Id.* ¶ 4).  She entered the United States in 2005 and has a 13-year-old child who is a United States citizen.  (*Id.* ¶ 28).

3.      She was detained by ICE in a "targeted enforcement operation" on February 19, 2026.  (ECF No. 6 at 1-2).  The detention was without a bond hearing "because she unlawfully entered the United States on an unknown date and time without admission or parole."  (*Id.* at 2 (citing 8 U.S.C. § 1225(b)(2)).

4.      Petitioner filed the Petition on March 11, 2026 alleging that she was being illegally detained in Delaney Hall Detention Facility, New Jersey.  (ECF No. 1).  On March 12, 2026, this Court ordered Respondents to answer the Petition and prohibited them from transferring Petitioner outside of the District of New Jersey.  (ECF No. 2).

5.      On March 13, 2026, Respondents filed a letter stating "the day before the entry of that Order, on March 11, 2025, ICE transferred Petitioner to Caroline Detention Facility in Bowling Green, Virginia." (ECF No. 4).

6.      On March 16, 2026, this Court ordered the parties to address this Court's jurisdiction. (ECF No. 5).

7.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8.      Respondents argue the Petition should be transferred to the United States District Court for the Eastern District of Virigina because Petitioner was detained in Bowling Green, Virginia when the Petition was filed. (ECF No. 8). "ICE states that Petitioner departed Delaney Hall Detention Facility at 4:09 a.m. on March 11, 2026, for ground transfer to Caroline Detention Facility in Bowling Green, Virginia." (*Id.* at 1-2). "ICE reports that she arrived in Virginia at approximately 9:20 a.m., two hours before her attorney filed her habeas petition, and was officially booked into the Caroline Detention Facility later that afternoon." (*Id.*)

9.      Petitioner argues that this Court should apply the unknown custodian rule because "[t]here was no advisory in advance from the Respondents to either counsel directly or to the Petitioner that she would be transferred or to where. The first time that this counsel learned that the petitioner was being transferred was virtually at the same time as the petition for habeas was being filed, but still there was no disclosure of which location she was being transferred to." (ECF No. 9 at 9-10).

2

10. "District courts may grant habeas relief only 'within their respective jurisdictions.' This requires 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Khalil v. President, United States*, 164 F.4th 259, 268 (3d Cir. 2026) (quoting 28 U.S.C. § 2241(a); *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973)). "[W]ith respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Carbo v. United States*, 364 U.S. 611, 617-18 (1961)).

11. However, "the immediate custodian rule is inapplicable where the prisoner's current whereabouts are unknown." *Khalil v. Joyce*, 777 F. Supp. 3d 369, 403 (D.N.J. 2025) (cleaned up), *reversed on other grounds sub nom Khalil v. President, United States,* 164 F.4th 259.

12. This Court concludes that it has jurisdiction over the Petition. At the time the Petition was filed, the information available to counsel indicated that Petitioner was detained within the District of New Jersey at Delaney Hall. (ECF No. 9 at 11-12). Nor is it persuasive that Petitioner may have known where she was. "[C]ourts have recognized that habeas jurisdiction cannot depend solely on a petitioner's knowledge of [her] location, particularly when the government controls [her] movements and may deliberately obscure [her] whereabouts or restrict [her] ability to communicate." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 394 (D.N.J. 2025) (citing *Ozturk v. Hyde*, 136 F.4th 382, 392 (2d Cir. 2025)). "The exception ensures that habeas relief remains available even when a petitioner is confined at a secret location in a manner that prevents [her] from communicating with the outside world. Considering recent and ongoing events with respect to immigration detainees, the need for the exception clearly remains." *Id.*

13.     Petitioner was represented by counsel and had an appointment to meet with counsel at Delaney Hall prior to her transfer.  (ECF No. 9 at 11).  In the absence of notice of transfer, counsel was justified in filing the Petition in the district where she expected Petitioner to be.

14.     This Court finds that the unknown custodian exception is appropriate and that the Petition was properly filed in Petitioner's last known location, the District of New Jersey, against her more remote custodians, the United States Attorney General and Secretary of the Department of Homeland Security.

15.     Turning to the Petition's merits, Respondents argue that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because she is a noncitizen "who entered without inspection or parole and was initially detained by immigration authorities in the interior of the country without having been lawfully admitted.  As such, she is an 'applicant for admission' who is not entitled to a bond hearing."  (ECF No. 6 at 2).

16.     Respondents acknowledge that the statutory arguments and facts in this case are materially identical to those that this Court has already rejected in *Patel v. Almodovar*, No. 25-cv-1534, 2025 WL 3012323 (D.N.J. Oct. 28, 2025) and other cases.  (*Id.* at 1 & n.1)

17.     This Court concludes that Petitioner is being unlawfully detained under 8 U.S.C. § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond.[1]  *See Patel*, 2025 WL 3012323, at *3-4.

---

[1] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to her continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action.  *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

18.     Federal courts have rejected Respondents' position in near unanimity in hundreds of cases to date.  *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-05488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here.  Those decisions are plainly correct."); *but see Avila v. Bondi*, __ F.4th __, No. 25–3248, 2026 WL 819258, at *4 (8th Cir. Mar. 25, 2026) (holding that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).[2]

19.     The basis for the Petitioner's continued "detention [was] blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [petitioner] is to immediate[ly] release [her] and enjoin the Government from further similar transgressions."  *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019).  "[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained … ."  *Id.* at 366.

20.     This Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional

---

[2] *Avila* and *Buenrostro-Mendez* are not binding authority, and this Court is unpersuaded by their reasoning for many of the reasons articulated in the dissenting opinions, including that the panels' interpretation risks rendering significant portions of the statutory scheme superfluous and internally inconsistent. *See Avila*, 2026 WL 819258, at *7-8 (Erickson, J., dissenting); *Buenrostro-Mendez*, 166 F.4th at 510 (Douglas, J., dissenting).

rights first and search for authority later. "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests." *Id.* at 373; *see also Urquilla-Ramos v. Trump*, __ F. Supp. 3d __, No. 2:26-cv-00066, 2026 WL 475069, at *17 (S.D.W. Va. Feb. 19, 2026) ("Due process is not satisfied by the existence of legal authority somewhere in the United States Code. It is satisfied only through constitutionally adequate procedure."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

21.     Therefore, this Court will grant the Petition and order Petitioner's release.

22.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: April 8, 2026

6